## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MYLES CALABAZA,

        Petitioner,

vs.                                                                 Civil No. 15-cv-01056-JCH-CG

FNU GLEASON,

        Respondent.

## ORDER

**THIS MATTER** is before the Court upon Petitioner Myles Calabaza's *Response to United States' Motion for Extension of Time to Respond*, (Doc. 9), filed December 11, 2015. Specifically, attached to the Motion is a page titled "Power of Attorney," in which Petitioner purports to give power of attorney to his sister, Darva Calabaza, to sign all necessary legal documents on Petitioner's behalf. (Doc. 9 at 5). To the extent Petitioner is moving to allow his sister to sign and file documents on his behalf in this case, that request is denied.

Section 1654 of Title 28 of the United States Code provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. In other words, as the Tenth Circuit has stated, "[n]on-attorney pro se litigants cannot represent other pro se parties." *Perry v. Stout*, No. 00-2411, 20 Fed. Appx. 780, 782 (10th Cir. Sept. 28, 2001) (unpublished). Furthermore, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the

party is unrepresented." FED. R. CIV. P. 11(a).

Standing for non-attorneys to appear as "next friend" of a party "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Several courts in this Circuit have "specifically held that *pro se* litigants cannot bypass the prohibition on layperson representation by granting a non-attorney power of attorney." *Cordero v. Terry et al*, No. 09-cv-1089-MCA-GBW, at *2 (D.N.M. filed Nov. 30, 2010) (discussing district court cases in the Tenth Circuit which have held that a power of attorney cannot be used to avoid the prohibition on layperson representation, and holding the same); *See Brown v. Middlebrook*, No. 08-3312-RDR, 2009 WL 536553, at *1 (D. Kan. Mar. 3, 2009) (unpublished) ("A power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law.").

Indeed, "[a] party seeking to represent a prisoner in a habeas proceeding must: (1) explain why the real party in interest cannot prosecute the action in his own behalf; and (2) establish a significant relationship with and a true dedication to the best interests of the real party in interest." *Brown*, 2009 WL 536553, at *1 (citing *Whitmore*, 495 U.S. at 163). This generally requires a showing that the prisoner is "unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore*, 495 U.S. at 165.

Here, even assuming that Darva Calabaza possesses a valid grant of power of attorney from Petitioner, absent a showing that Petitioner cannot prosecute this action on his own behalf and that she and Petitioner have a significant relationship, she does not have standing to sign and file pleadings, motions, or other papers on behalf of Petitioner

in this case. The fact that Petitioner is currently incarcerated and is proceeding *pro se* does not rise to the level of this showing. *See Whitmore*, 495 U.S. at 165.

Therefore, insofar as Petitioner is requesting "next friend" standing for his sister, Darva Calabaza, to appear on his behalf, that request is **DENIED** at this time. The Court notes that this Court will not consider any future filings that Petitioner fails to sign personally, and that those filings may be stricken from the record. *See* FED. R. CIV. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention.").

**IT IS SO ORDERED**.

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

3